DONALD W. SEARLES, Cal Bar No. 135705
Email: searlesd@sec.gov
FINOLA H. MANVELIAN, Cal Bar No. 180681
Email: manvelianf@sec.gov
JESSICA R. PUATHASNANON, Cal. Bar No. 208074
Email: puathasnanonj@sec.gov
C. DABNEY O'RIORDAN, Cal. Bar No. 205158
Email: oriordand@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>     vs.<br><br>BEN-WAL LEASING COMPANY; BEN-WAL MANAGEMENT, INC.; and JERRY E. BENSON,<br><br>             Defendants,<br><br>     and<br><br>CTR WEB PRINTING, INC.; and SCOTT W. BENSON,<br><br>             Relief Defendants. | Case No. CV 09-6223 ODW (FMOx)<br><br>**ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING ASSET FREEZE, (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (3) REQUIRING ACCOUNTINGS, (4) GRANTING EXPEDITED DISCOVERY, AND (5) APPOINTING A PERMANENT RECEIVER ; (6) VACATING HEARING THEREON** |

The Court, having considered the Securities and Exchange Commission's ("Commission") Complaint, its *Ex Parte* Application for Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Requiring Accountings, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) Appointing a Temporary Receiver; and Order to Show Cause re Preliminary Injunction and Appointment of a Receiver; the Commission's Memorandum of Points and Authorities in support thereof, the declarations filed in support thereof, all other evidence and argument presented regarding the Application, and the Stipulation to the [Proposed] Order of Preliminary Injunction and Orders: (1) Continuing Asset Freeze, (2) Prohibiting the Destruction of Documents, (3) Requiring Accountings, (4) Granting Expedited Discovery, and (5) Appointing a Permanent Receiver, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. On August 26, 2009, the Commission filed an *Ex Parte* Application For A Temporary Restraining Order And Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery, and (5) Appointing A Temporary Receiver; And Order To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application");

C. On August 26, 2009, the Court granted the Commission's Application in its entirety (the "August 26, 2009 Order") and ordered Defendants to show cause, if there be any, why this Court should not grant a preliminary injunction and other preliminary relief and why this Court should not appoint a permanent receiver pursuant to Rule 65 of the Federal Rules of Civil Procedure, until a final adjudication on the merits may be had (the "OSC re Preliminary Injunction");

D. The Court set a hearing on the OSC re Preliminary Injunction and Appointment of Permanent Receiver for September 4, 2009 at 1:30 p.m.;

E.     Defendants and Relief Defendants have received notice of the Commission's request for a preliminary injunction as provided by F.R.C.P. 65(a)(1) and have been fully advised and informed of their right to judicial determination of the relief sought by the Commission at the hearing, currently scheduled for September 4, 2009, at 1:30 p.m. on the Court's Order to Show Cause re Preliminary Injunction and Appointment of Permanent Receiver;

F.     Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure;

G.     Defendants and Relief Defendants do not oppose the Commission's request for a preliminary injunction and without, admitting or denying the allegations in the Commission's Complaint, consent to the following order:

**WHEREFORE, IT IS HEREBY ORDERED**, for good cause shown, as follows:

## I.

IT IS ORDERED that the Commission's request for a preliminary injunction and orders: (1) Continuing Asset Freeze, (2) Prohibiting the Destruction of Documents, (3) Requiring Accountings, and (4) Granting Expedited Discovery, and (5) Appointing a Permanent Receiver is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

A.     employing any device, scheme or artifice to defraud;

B.     obtaining money or property by means of any untrue statement of a

    material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Ben-Wal Leasing and Benson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

 A. employing any device, scheme, or artifice to defraud;

 B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon

3

1 good cause shown by application to the Court with notice to and an opportunity for
2 the Commission to be heard) in all accounts at any bank, financial institution or
3 brokerage firm, all certificates of deposit, and other funds or assets, held in the
4 name of, for the benefit of, or over which account authority is held by Defendants
5 and relief defendant CTR Web Printing, Inc. ("CTR"), or any trust, partnership,
6 joint venture, person or entity affiliated with them (including subsidiaries),
7 including but not limited to the following real properties and bank accounts:

///

///

| Defendant | Account Number | Bank Name |
|---|---|---|
| Ben-Wal Leasing | 201679230 | Citibank |
| Ben-Wal Leasing | 7000810400 | Citibank |
| Ben-Wal Leasing | 202545216 | Citibank |
| Ben-Wal Leasing | 237135105 | Citizens Business Bank |
| Ben-Wal Leasing | 237130014 | Citizens Business Bank |
| Ben-Wal Leasing | 1650004503 | Union Bank of California |
| Ben-Wal Management | 1650005615 | Union Bank of California |
| Ben-Wal Management | 1000295947 | Pacific Western Bank |
| CTR Web Printing | 237135407 | Citizens Business Bank |
| CTR Web Printing | 237135415 | Citizens Business Bank |
| CTR Web Printing | 237135423 | Citizens Business Bank |
| CTR Web Printing | 237135426 | Citizens Business Bank |
| CTR Web Printing | 7000816108 | Citibank |
| CTR Web Printing | 7000758593 | Citibank |
| CTR Web Printing | 201583366 | Citibank |
| CTR Web Printing | 201583341 | Citibank |
| CTR Web Printing | 202545216 | Citibank |
| CTR Web Printing | 4266653391 | Citibank |
| CTR Web Printing | 1650005690 | Union Bank of California |
| CTR Web Printing | 1650004481 | Union Bank of California |
| CTR Web Printing | 6987620900 | Wells Fargo Bank |
| Jerry Benson | 40035657911 | Citibank (Citi Gold) |
| Jerry and Nanette Benson | 9222347156 | Citibank |
| Jerry E. Benson and Nanette P. Benson | 237261941 | Citizens Business Bank |

**V.**

4

1    IT IS FURTHER ORDERED that Defendants shall, within five days of the
2 issuance of this Order, prepare and deliver to the Commission a detailed and
3 complete schedule of all of their personal assets, including all real and personal
4 property exceeding $5,000 in value, and all bank, securities, futures and other
5 accounts identified by institution, branch address and account number.  The
6 accounting shall include a description of the source(s) of all such assets.  Such
7 accounting shall be filed with the Court and a copy shall be delivered to the
8 Commission's Los Angeles Regional Office.  After completion of the accounting,
9 Defendants shall produce to the Commission's Los Angeles Regional Office, at a
10 time agreeable to the Commission, all books, records and other documents
11 supporting or underlying their accounting.

## VI.

13    IT IS FURTHER ORDERED that, except as otherwise ordered by this
14 Court, Defendants, CTR, and relief defendant Scott W. Benson (collectively with
15 CTR, "Relief Defendants"), and their officers, agents, servants, employees,
16 attorneys, subsidiaries and affiliates, including any other entities in receivership,
17 and those persons in active concert or participation with any of them, who receive
18 actual notice of this Order, by personal service or otherwise, and each of them, be
19 and hereby are preliminarily restrained and enjoined from, directly or indirectly:
20 destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,
21 in any manner, any documents, which includes all books, records, computer
22 programs, computer files, computer printouts, contracts, correspondence,
23 memoranda, brochures, or any other documents of any kind in their possession,
24 custody or control, however created, produced, or stored (manually, mechanically,
25 electronically, or otherwise), pertaining in any manner to Defendants, and their
26 subsidiaries and affiliates.

## VII.

28    IT IS FURTHER ORDERED that the Commission's application for

5

1 expedited discovery, previously granted in this Court's Temporary Restraining
2 Order issued August 26, 2009 is continued and that the Commission and the
3 Permanent Receiver may request documents from and take depositions of parties
4 and non-parties upon oral examination subject to two calendar days notice pursuant
5 to Rules 30(a), 34, and 45 of the Federal Rules of Civil Procedure, that the
6 Commission and Permanent Receiver may take more than one deposition at the
7 same time, that depositions of Defendants may be taken on any day, including
8 Saturdays, Sundays, and holidays subject to two calendar days notice, including
9 notice given personally, by facsimile or by electronic mail, and that the depositions
10 taken pursuant to this Order shall not be counted for purposes of determining the
11 applicability of the limitations of Rule 30(a)(2)(A) and 30(a)(2)(B) of the Federal
12 Rules of Civil Procedure.

## VIII.

14 IT IS FURTHER ORDERED that Dennis M. Murphy is appointed as
15 permanent receiver of Ben-Wal Leasing and Ben-Wal Management, and their
16 subsidiaries and affiliates, with full powers of an equity receiver, including, but not
17 limited to, full power over all funds, assets, collateral, premises (whether owned,
18 leased, occupied, or otherwise controlled), choses in action, books, records, papers
19 and other real or personal property, including notes, deeds of trust and other
20 interests in real property, belonging to, being managed by, or in the possession of
21 or control of Defendants Ben-Wal Leasing and Ben-Wal Management, and its
22 subsidiaries and affiliates, and that such permanent receiver is immediately
23 authorized, empowered and directed:
24     A.    to have access to and to collect and take custody, control, possession,
25 and charge of all funds, assets, collateral, premises (whether owned, leased,
26 occupied, or otherwise controlled), choses in action, books, records, papers and
27 other real or personal property, wherever located, of or managed by Ben-Wal
28 Leasing and Ben-Wal Management, and their subsidiaries and affiliates, with full

1 power to sue, foreclose, marshal, collect, receive, and take into possession all such
2 property (including access to and taking custody, control, and possession of all
3 such Ben-Wal Leasing and Ben-Wal Management property), and that of their
4 subsidiaries and affiliates;

5      B. to have control of, and to be added as the sole authorized signatory
6 for, all accounts of the entities in receivership, including all accounts at any bank,
7 title company, escrow agent, financial institution or brokerage firm (including any
8 futures commission merchant) which has possession, custody or control of any
9 assets or funds of Ben-Wal Leasing and Ben-Wal Management, and their
10 subsidiaries and affiliates, or which maintains accounts over which Ben-Wal
11 Leasing and Ben-Wal Management, and their subsidiaries and affiliates, and/or any
12 of their employees or agents have signatory authority;

13      C. to conduct such investigation and discovery as may be necessary to
14 locate and account for all of the assets of or managed by Ben-Wal Leasing and
15 Ben-Wal Management, and their subsidiaries and affiliates, and to engage and
16 employ attorneys, accountants and other persons to assist in such investigation and
17 discovery;

18      D. to take such action as is necessary and appropriate to preserve and
19 take control of and to prevent the dissipation, concealment, or disposition of any
20 assets of or managed by Ben-Wal Leasing and Ben-Wal Management, and their
21 subsidiaries and affiliates;

22      E. to make an accounting, as soon as practicable, to this Court and the
23 Commission of the assets and financial condition of Ben-Wal Leasing and Ben-
24 Wal Management, and to file the accounting with the Court and deliver copies
25 thereof to all parties;

26      F. to make such payments and disbursements from the funds and assets
27 taken into custody, control, and possession or thereafter received by him, and to
28 incur, or authorize the making of, such agreements as may be necessary and

1 advisable in discharging his duties as permanent receiver;

2     G.    to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Ben-Wal Leasing and Ben-Wal Management, and their subsidiaries and affiliates;

    H.    to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone that he deems relates to their business and the discharging of his duties as permanent receiver; and

    I.    to exercise all the lawful powers of Ben-Wal Leasing and Ben-Wal Management, and its officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IX.

IT IS FURTHER ORDERED that Defendants, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## X.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting,

8

1 dissipating, converting, concealing, encumbering, or otherwise disposing of, in any
2 manner, any funds, assets, securities, claims, or other real or personal property,
3 wherever located, of Defendants, or their subsidiaries or affiliates, owned by,
4 controlled by, managed by or in the possession or custody of any of them; and

5      B.    transferring, assigning, selling, hypothecating, encumbering, or
6 otherwise disposing of any securities, including, but not limited to, any investment
7 contracts or other securities of Defendants, or any of their subsidiaries or affiliates.

## XI.

9 IT IS FURTHER ORDERED that no officer, agent, servant, employee or
10 attorney of Defendants shall take any action or purport to take any action, in the
11 name of or on behalf of Ben-Wal Leasing and Ben-Wal Management, without the
12 written consent of the permanent receiver or order of this Court.

## XII.

14 IT IS FURTHER ORDERED that Defendants, and their subsidiaries,
15 affiliates, officers, agents, servants, employees and attorneys, shall cooperate with
16 and assist the permanent receiver and shall take no action, directly or indirectly, to
17 hinder, obstruct, or otherwise interfere with the permanent receiver or his or her
18 attorneys, accountants, employees or agents, in the conduct of the permanent
19 receiver's duties or to interfere in any manner, directly or indirectly, with the
20 custody, possession, management, or control by the permanent receiver of the
21 funds, assets, collateral, premises, and choses in action described above.

## XIII.

23 IT IS FURTHER ORDERED that Defendants, and their subsidiaries and
24 affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred
25 in connection with the performance of his duties described in this Order, including
26 the costs and expenses of those persons who may be engaged or employed by the
27 permanent receiver to assist him in carrying out his duties and obligations. All
28 applications for costs, fees, and expenses for services rendered in connection with

9

1  the receivership other than routine and necessary business expenses in conducting
2  the receivership, such as salaries, rent, and any and all other reasonable operating
3  expenses, shall be made by application setting forth in reasonable detail the nature
4  of the services and shall be heard by the Court.

## XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities.

## XV.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants, or their affiliates and subsidiaries, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby preliminarily restrained and enjoined from, directly or indirectly, with respect to Ben-Wal Leasing and Ben-Wal Management, and their subsidiaries and affiliates:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in

the possession of Ben-Wal Leasing and Ben-Wal Management, or any of their subsidiaries or affiliates, wherever situated; and

   C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or in the possession of Ben-Wal Leasing and Ben-Wal Management, or any of their subsidiaries or affiliates, or in any way to interfere with or harass the permanent receiver, or his attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XVI.

  IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Ben-Wal Leasing and Ben-Wal Management, and their subsidiaries and affiliates and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XVII.

  IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendant Benson, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by him for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to

1 use the computer and/or PDA, all passwords necessary to access the computer
2 and/or PDA, and all passwords necessary to access and use the software contained
3 on the computer and/or PDA. The permanent receiver shall be authorized to make
4 an electronic, digital or hard copy of all of the data contained on the computers
5 and/or PDAs.

## XVIII.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order of Preliminary Injunction, cause to be prepared and delivered to the Permanent Receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution, brokerage firm, or insurance company to which Ben-Wal Leasing and Ben-Wal Management have access.

## XIX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

1
2    FURTHER, the HEARING ON THE COURT'S ORDER TO SHOW
3 CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED
4 OR A PERMANENT RECEIVER NOT APPOINTED (Issued 8/26/09), scheduled
5 for Friday, September 4, 2009 at 1:30 p.m., is hereby VACATED.
6    **IT IS SO ORDERED.**
7
8 DATED: September 2, 2009     _____
9                                  Otis D. Wright II
                                 United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28